CADY, Chief Justice
(dissenting).
I dissent separately to emphasize an important point. The standard and burden for the State to prove a child is in need of assistance under the enumerated definitions in the juvenile justice chapter of the Iowa Code do not differ depending on the length of time parents are subsequently given to eliminate the parenting deficiencies that resulted in the adjudication before an action for termination of parental rights may proceed. See Iowa Code §§ 232.2(6), .96(2) (2013). The grounds for termination of parental rights are a separate legislative determination from the question whether a child is in need of assistance. See id. § 232.116.
Unfortunately, the mother in this case is a methamphetamine addict who, despite recovery efforts, continues to fall victim to her addiction. Her addiction, as supported by the stipulated evidence in the case, renders her undependable while using methamphetamine and while coming down from the drug. This fact is a serious problem because she is also the parent of two young children, one four years of age, who depend on her.
The mother admitted her circumstances supported a finding that her children are “imminently likely to suffer harmful effects as a result of’ her failure “to exercise a reasonable degree of care in supervising” her children. Id. § 232.2(6)(c )(2). I submit those same circumstances also mean her children have a mother who “is imminently likely to ... neglect” them. Id. § 232.2(6)(6). The failure of a parent to adequately supervise a four-year-old child due to a methamphetamine addiction necessarily places the child at risk of suffering a nonaccidental physical injury. See id. § 232.2(42).
The State was entitled to an adjudication of child in need of assistance under both grounds, even though one may give a parent a more limited window of time to recover from her addiction.